## Patrick Corr, Appellant, v. Lackawanna County.

163    ~57~
e 29 SC 587

*Borough auditors—Distributing ballots—Compensation—Acts 1889, 1891.*
Under section 13 of the ballot law of June 19, 1891, P. L. 349, which provides that borough auditors shall certify the cost of printing and distributing ballots to the county commissioners for payment as part of the county election expenses, the borough auditors are entitled to compensation at the rate of two dollars per day as provided by act of May 4, 1889, P. L. 86, for services rendered in distributing the ballots.

Argued Feb 20, 1894. Appeal, No. 76, July T., 1893, by plaintiff, from judgment of C. P. Lackawanna Co., April T., 1893, No. 515, for defendant on case stated. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Case stated to determine liability of county to pay certain election expenses. Before ARCHBALD, P. J.

The facts appear by the opinion of the Supreme Court.

The court entered judgment for defendant, in the following opinion, after quoting the act of 1891:

"It is contended that the cost of printing and distributing the ballots, which is thus spoken of, includes compensation to the officers on whom this labor is imposed for the time necessarily spent by them in the performance of these duties. This, however, is not the natural construction of the terms used, and there is nothing which would justify the extension of them by implication. There is no ambiguity as to what is meant by [the 'cost of printing and distribution.' It manifestly includes the bills for printing the ballots, the expenses of getting them into the hands of the proper election officers, such as cartage, expressage, etc., and any necessary traveling expenses by rail, carriage or otherwise, incurred by the auditors in connection therewith. But these words cannot be stretched so as to cover anything like a per diem compensation to the auditors themselves for the time employed in attending to these duties.] [1] To so hold would be to wander far beyond the plain meaning of the terms employed. The time of public officers, so far as required to perform the duties enjoined upon them by law, belongs to the public whom they have undertaken to represent. This excludes the idea of compensation for their services, except as it is expressly provided for; we must see it clearly written in the law, or hold that it was not intended to be given; it is not to be introduced in any case by strained construction of what there appears. This effectually disposes of the question involved in the present controversy. The words, 'cost of distribution,' are unambiguous, covering what I referred to above; they cannot, except by a strained and unnatural construction, be made to include the compensation which the plaintiff claims in this case."

*Errors assigned* were (1) portion of opinion in brackets, quoting it; (2) entering judgment.

*John R. Jones*, for appellant.—The act of 1891 being silent as to what borough auditors shall be entitled to for their services, appellant placed himself on the compensation act of 1889, as furnishing a reasonable basis for his charges in this case.

The counties are made liable, by the act of 1891, for the com-

pensation of borough auditors for their time and labor expended and for necessary incidental expenses connected with the preparation for holding the annual borough or county election.

The words "printing" and "distribution," as employed in § 13 of the act, are used in a general or generic sense, and include everything to be done by the auditors in order to prepare the ballot for the printers as well as the printing itself, and include everything necessary to be done by the auditors to distribute the ballots to the proper election officers, including the time and labor employed: Packer v. Northampton, 2 Dist. R. 514.

Boroughs are not liable, under the laws of this commonwealth, for general borough or county election expenses: Acts of July 2, 1839, § 2, P. L. 519; June 13, 1840, §§ 2, 10, P. L. 684; Jan. 30, 1874, § 18, P. L. 40; May 8, 1876, P. L. 136. It will be observed from these acts that boroughs have nothing whatever to do with the payment of election expenses, and that whenever borough officers have been required by law to perform any official acts at elections, they have been paid therefor out of the county stock.

*Everett Warren, Henry A. Knapp* with him, for appellee.— Where a public officer claims salary, fees or compensation for services rendered the public he must show a statute authorizing its payment; if he cannot show such statute he cannot recover compensation for the services rendered: Rothrock v. School District, 133 Pa. 487; Hayes v. City, 35 Pitts. L. J. 117; 1 Dill. Mun. Corp., 4th ed., p. 311, 312, 315; Jones v. Carmarthen, 8 M. & W. 605; Askin v. London, 1 U. Can. Q. B. 292; Brazil v. McBride, 69 Ind. 244; Doolan v. Manitowoc, 48 Wis. 312; 19 Am. & Eng. Ency. 529; City v. Brewer, 59 Ala. 130; Sampson v. Rochester, 60 N. H. 477; People v. Albany Co., 28 How. Pr. 22.

OPINION BY MR. JUSTICE DEAN, July 12, 1894:

This case, though small in amount, is one of many others of a like character in the commonwealth. Corr, the appellant, is a borough auditor of Dickson City in Lackawanna county. Section 13 of act of June 19, 1891, known as the "Baker Ballot Law," directs that: "The county commissioners of each county shall cause all the ballots to be used therein to be printed,

except for election officers of townships and boroughs, and election officers and school directors in the same, the ballots for which shall be printed and distributed by the auditors, who shall certify the cost of such printing and distribution to the county commissioners for payment as part of a county election expenses. The said commissioners and auditors shall ascertain the offices to be filled, and shall be responsible for the accurate printing of the ballots, in accordance with this act, and for the safe keeping of the same while in their possession, or that of their subordinates or agents."

Corr, in the performance of the duty thus imposed upon him: (1) Held meetings to receive nomination certificates, and hear objections to same; received notices of withdrawal, and filled out certificates for watchers, one day. (2) Arranged ballots, corrected proof, for that purpose going to and from printing office, one day. (3) Distributed ballots to the proper officers of the several districts of the borough, one day. For these three days, he rendered a bill to the county at $2.00 per day, making $6.00, and to this appended bill for cost of printing. The commissioners allowed the printing bill, but refused to pay the $6.00 per diem charges.

A case stated was then agreed upon, and submitted to the court of common pleas for judgment. The court, being of opinion that the plain meaning of the act did not embrace compensation for time taken by the auditors in performing the duty enjoined, gave judgment for the county. From that judgment, we have this appeal.

The rule is, when new or other duties than those theretofore appertaining to an office are imposed on the incumbent after his election, he must perform such duties without charge, in the absence of express provision for payment. He takes the office cum onere, impliedly engaging to perform all the duties enjoined upon him by law during his term, and if the law gives no direction for payment, none will be implied.

But it is claimed by appellant that, by a reasonable construction of the act, payment of this bill by the county is directed.

Section 1 says: The ballots " shall be printed at public expense as hereinafter provided. The printing of the ballots and of the cards of instruction for the election in each county, and the delivery of the same to the election officers as hereinafter

provided, and all other expenses incurred under the provisions of this act shall be a county charge." Then, "hereinafter" follows the 13th section, which says: "The ballots for which shall be printed and distributed by the auditors, who shall certify the cost of such printing and distribution to the county commissioners for payment as part of a county election expenses."

By express enactment, these expenses incurred under the provisions of the act are a county charge. Although the auditor is a borough officer, any payment he may be entitled to in the performance of a duty enjoined by this act, must be made by the county.

The ballots for the election of borough, township and school district officers, are to be printed and distributed by the auditors, and they are to certify the cost of such printing and distribution as part of the county election expenses. If the time of the person thus designated must necessarily be taken in the proper performance of the work imposed upon him, that is an expenditure, the same as if money had necessarily been paid out. It is conceded by appellee, that the time here charged for was necessary to the distribution; if so, it was part of the expense of distribution, although it was the time of a public officer. If this officer's whole time had been paid for by an annual salary, there would have been some force in the argument that it was not intended to be computed in the expense of distribution, and thereby give him double pay. But, in the performance of his duties as a borough officer, he expended but a few days in the year, and for these, by law, he was allowed a per diem compensation of $2.00. The legislature knew this, when they imposed on him a most responsible duty, to perform which he must expend other days than those for which the borough paid him. The distribution of ballots, and their preparation for distribution, as required by the law, involved both manual and clerical labor. The language "the cost of such . . . . distribution," necessarily implies payment for the time expended by the auditor. Giving the words such meaning is not an enlargement of their scope; to say they meant less, would be a restriction on their obvious intent.

This disposes of the only contention between the parties. The judgment is reversed, and judgment is now entered on the case stated for appellant. Costs to be paid by appellee.